# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**MARCUS A. NAVEJAR**                                                                       **PETITIONER**
Reg #17461-047

VS.                         CASE NO.: 2:16-CV-63-JM-BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                      **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**II.   Background**

Petitioner Marcus A. Navejar pleaded guilty in the United States District Court for the District of Nebraska to one count of conspiracy to distribute methamphetamine. The Court sentenced Mr. Navejar to a term of 151 months in the Bureau of Prisons, to run

consecutive to a state sentence that had been imposed by the District Court of Lancaster County, Nebraska. (Docket entry #3-1 at pp. 1-2) Mr. Navejar's sentence was later reduced to 77 months. (#3-2 at p. 1)

Mr. Navejar did not raise a timely motion under 28 U.S.C. § 2255 with the sentencing court. Instead, he filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Mr. Navejar claims that under the federal sentencing guidelines, the sentencing court should have ordered his federal sentence to run concurrently with his state sentence. (#1) For relief, he asks this Court to order his federal sentence to run concurrently with his state sentence, which would decrease the length of his federal sentence by 13 months and 25 days. (#1 at p. 4)

While his petition was pending, Mr. Navejar filed a motion with the sentencing court requesting *nunc pro tunc* designation for time he spent in state custody serving his state sentence. *Navejar v. U.S.*, No. 4:12CR3139 docket entry #64 (D. Neb. July 5, 2016). The Court denied the motion. *Id*. at docket entry #65 (July 7, 2016).

## III. Jurisdiction

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255 . *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand,

attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e)(emphasis added). The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959.

A petitioner who wishes to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. The § 2255 remedy is not inadequate or ineffective because the claim was previously raised and rejected in a § 2255

motion, or because the petitioner was denied leave to file a second or successive § 2255 petition, or because a § 2255 petition is time-barred. *Id*.

Here, Mr. Navejar is challenging his federal sentence, but he has not demonstrated that seeking relief from the sentencing court would be inadequate or ineffective.

## IV. Conclusion

Because this Court lacks subject matter jurisdiction over the current petition (#1), the petition should be DISMISSED, without prejudice.

DATED this 11th day of July, 2016.

                                                                      _____
UNITED STATES MAGISTRATE JUDGE